Honorable James C. Kirkpatrick Secretary of State State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Kirkpatrick:
This opinion is in response to several questions you have posed concerning Senate Substitute for House Bill No. 513, First Regular Session, 79th General Assembly, which becomes effective January 1, 1978. The first question you ask is:
 "1. If a notary public is commissioned before January 1, 1978, and has submitted the bond required by 486.050, RSMo 1969, is he required to submit a new bond to comply with Section 8.1, S.S.H.B. 513?"
Section 8.1 of S.S.H.B. No. 513 provides:
 "Before receiving his commission, each applicant shall submit to the county clerk of the county within and for which he is to be commissioned, an executed bond commencing at least 30 days after the date he submitted his application to the secretary of state with a term of four years, in the sum of $10,000.00 with, as surety thereon, a company qualified to write surety bonds in this state. The bond shall be conditioned upon the faithful performance of all notarial acts in accordance with this chapter."
Repealed Section 486.050, RSMo 1969, required that a notary public give a bond to the state in the sum of $2,000 except in counties of the first class in which they were required to give a bond in the sum of $5,000. Such section is in effect until January 1, 1978.
Section 43 of the Act provides:
 "Nothing in this act shall be construed in any way as interfering with or discontinuing the term of office of any person now serving as a notary public until the term for which he was commissioned has expired, or until he has been removed pursuant to the provisions of this act."
We note that subsection 1 of Section 8, quoted above, refers to applicants and we believe that such language indicates its inapplicability to incumbents. We also are of the view that the posting of a proper bond is a qualification for office and therefore Section 43, quoted above, is applicable and indicates the legislative intent that the bond requirement for incumbent notaries is not to be changed.
Your second question asks:
 "Is a notary public commissioned before January 1, 1978, subject to the civil and criminal liability, outlined in Sections 32 through 38, S.S.H.B. 513, for conduct occurring on or after January 1, 1978?"
Sections 32 through 38 provide as follows:
 "SECTION 32. 1. The maximum fee in this state for notarization of each signature and the proper recording thereof in the journal of notarial acts is $2.00 for each signature notarized.
 2. The maximum fee in this state for certification of a facsimile of a document, and the proper recordation thereof in the journal of notarial acts is $2.00 for each 8 1/2 x 11 inch page retained in the notary's file.
 3. The maximum fee in this state is $1.00 for any other notarial act performed.
 4. No notary shall charge or collect a fee for notarizing the signature on any absentee ballot or absentee voter registration.
 5. A notary public who charges more than the maximum fee specified or who charges or collects a fee for notarizing the signature on any absentee ballot or absentee voter registration is guilty of official misconduct.
 "SECTION 33. A notary public and the surety or sureties on his bond are liable to the persons involved for all damages proximately caused by the notary's official misconduct.
 "SECTION 34. The employer of a notary public is also liable to the persons involved for all damages proximately caused by the notary's official misconduct, if:
 (1) the notary public was acting within the scope of his employment at the time he engaged in the official misconduct; and
 (2) the employer consented to the notary public's official misconduct.
 "SECTION 35. It is not essential to a recovery of damages that a notary's official misconduct be the only proximate cause of the damages.
 "SECTION 36. 1. A notary public who knowingly and willfully commits any official misconduct is guilty of a misdemeanor and is punishable upon conviction by a fine not exceeding $500 or by imprisonment for not more than six months or both.
 2. A notary public who recklessly or negligently commits any official misconduct is guilty of a misdemeanor and is punishable upon conviction by a fine not exceeding one hundred dollars.
 "SECTION 37. Any person who acts as, or otherwise willfully impersonates, a notary public while not lawfully appointed and commissioned to perform notarial acts is guilty of a misdemeanor and punishable upon conviction by a fine not exceeding five hundred dollars or by imprisonment for not more than six months or both.
 "SECTION 38. Any person who unlawfully possesses a notary's journal, official seal or any papers or copies relating to notarial acts, is guilty of a misdemeanor and is punishable upon conviction by a fine not exceeding five hundred dollars."
It is our view that these civil and criminal liability sections will apply on and after January 1, 1978, to notaries commissioned before January 1, 1978, as well as to those commissioned after January 1, 1978.
Your third question asks:
 "Does a notary public commissioned before January 1, 1978, have authority under Section 3, S.S.H.B. 513, to perform notarial functions statewide or do they continue to follow provisions in present law which states that the notary may perform functions in the county for which they are appointed and adjoining counties and counties in which they have filed certified copies of their commission with the county clerk?"
Section 3 of the Act provides:
 "Each notary public may perform notarial acts anywhere within this state."
It is our view that Section 3 is applicable to notaries public commissioned before January 1, 1978, whose commissions extend beyond that date and that on and after January 1, 1978, such notaries public may perform notarial acts anywhere within this state.
CONCLUSION
It is the opinion of this office that under the provisions of Senate Substitute for House Bill No. 513, First Regular Session, 79th General Assembly, effective January 1, 1978, notaries public commissioned before January 1, 1978, and whose commissions extend beyond that date are not required to obtain the $10,000 bond required by Section 8 of such Act unless and until such notaries renew their commissions after the expiration of such terms of office. On and after January 1, 1978, such notaries public are subject to the civil and criminal liability provided in Sections 32 through 38 of the Act and have statewide authority to perform notarial functions under Section 3 of the Act.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General